JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sysco Philadelphia, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wayne C. Stansfield, Reed Smith LLP, Three Logan Square, 1717 Arch St., Phila., PA 19103; 215-851-8100

## DEFENDANTS

Claudio Silva

County of Residence of First Listed Defendant  Gloucester, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Robert C. Nagle, Fox Rothschild LLP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Preliminary Injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Dec 8, 2020

SIGNATURE OF ATTORNEY OF RECORD
s/Wayne C. Stansfield

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year        Yes ☐     No ☐
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit        Yes ☐     No ☐
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier        Yes ☐     No ☐
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights        Yes ☐     No ☐
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

s/Wayne C. Stansfield
<span style="color:red">Must sign here</span>

DATE: _____     _____     _____
*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*          **B.**    *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts          ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA          ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury          ☐  3.  Assault, Defamation
☐  4.  Antitrust          ☐  4.  Marine Personal Injury
☐  5.  Patent          ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations          ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights          ☐  7.  Products Liability
☐  8.  Habeas Corpus          ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases          ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                *(Please specify):* _____
☐  11. All other Federal Question Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

s/Wayne C. Stansfield
<span style="color:red">Sign here if applicable</span>

DATE: _____     _____     _____
*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**SYSCO PHILADELPHIA, LLC,**

          Plaintiff,

    v.

**CLAUDIO SILVA,**

          Defendant.

Case No.: 2:20-cv-6182

## VERIFIED COMPLAINT

Plaintiff Sysco Philadelphia, LLC ("Sysco"), by and through its undersigned counsel, hereby files this Verified Complaint against Defendant Claudio Silva ("Silva") and states as follows:

## INTRODUCTION

1.    This action stems from the wrongful and improper conduct of Defendant Claudio Silva, a former employee of Sysco.  Sysco has recently learned that Silva has breached, and continues to breach, the important restrictions he agreed to abide by in Sysco's Protective Covenants Agreement ("Agreement").

2.    Prior to resigning from Sysco and immediately going to work for one of Sysco's direct competitors, Silva improperly downloaded and stole Sysco's confidential and proprietary customer information by downloading it onto a portable USB drive. As of the filing of this lawsuit, Silva has failed and refused to return Sysco's confidential and proprietary information and, upon information and belief, is now improperly using it to directly or indirectly solicit his former customers for the benefit of himself and his new employer Driscoll Foods.

3.      Through this action, Sysco seeks to enforce its agreement with Silva and prevent Silva from continuing his wrongful conduct. Issuance of a temporary restraining order and preliminary and permanent injunction is appropriate and necessary in order to prevent additional injury to Sysco and to stop Silva from engaging in further unlawful conduct.

4.      Sysco also seeks the actual damages it has incurred as a result of Silva's wrongful conduct described herein as well as punitive damages and its attorney's fees and costs incurred in this action.

## PARTIES

5.      Plaintiff Sysco Philadelphia, LLC is a Delaware Limited Liability Company with its principal place of business in Philadelphia, Pennsylvania.  Sysco's corporate headquarters are located at 600 Packer Avenue, Philadelphia, Pennsylvania 19148.

6.      Sysco is a leading distributor of food and related products primarily to the foodservice or food-away-from-home industry. Sysco provides these products and related services to its customers, which include supermarkets, restaurants, healthcare and educational facilities, lodging establishments, and other foodservice providers.

7.      Defendant Claudio Silva is an adult individual who resides in Gloucester County, New Jersey at 1136 Picasso Court, Williamstown, New Jersey 08094. While employed at Sysco, Silva physically reported to Sysco's Philadelphia location, which is located at 600 Packer Avenue, Philadelphia, Pennsylvania 19148.

## JURISDICTION AND VENUE

8.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action involves claims that arise under federal law.  Additionally, this Court has supplemental jurisdiction over Sysco's state law claims under 28 U.S.C. § 1367.

- 2 -

9.      This Court also has jurisdiction pursuant to the terms of the Agreement. Section 5 of the Agreement provides that Silva "*consents to and agrees to the personal jurisdiction of the Courts located in the State where the operating company to which [Silva] physically reports is located*, and waives [his] right to objection to the contrary, including [his] right to plead or claim that any litigation brought in such court has been brought in an inconvenient forum." *See* Agreement § 5, attached hereto as **Exhibit A** (emphasis added).

10.     Venue is likewise proper in this Court under the terms of the Agreement. Section 5 of the Agreement provides that *"[t]he exclusive forum and venue for any legal action arising from this Agreement that can be pursued in a court of law will be a court of competent jurisdiction in the major metropolitan city nearest to the operating company to which [Silva] physically reports*, and [Silva] consents to the personal jurisdiction of such a court over [Silva] . . . ." *Id.* (emphasis added).

11.     As set forth above, Silva physically reported to Sysco's Philadelphia location and therefore venue is proper in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

### Silva Commences Employment and Enters Into His Protective Covenant Agreement

12.     In and around July 6, 2015, Silva commenced employment with Sysco as a specialist. He later transitioned into the role of sales consultant.

13.     Sysco sales consultants are charged with maintaining and developing customer goodwill and play a critical role in the maintenance and growth of Sysco's customer relationships.

14.     In his role as a sales consultant, Silva served as the primary sales contact for numerous Sysco customers, including but not limited to, Saker's Village; Talluto's, Altomontes, Bells and Colonial; Rastelli's and Haddon; Murphy's; Mccafrey's; and Starr.

- 3 -

15.     In approximately June 2020, Sysco rolled out a new compensation program for all of its sales associates.

16.     The compensation program provided sales associates with increased base salaries, the potential for monthly bonus payments, and the option to receive stock units. Overall, this resulted in sales associates having a significantly greater earning capacity. In fact, Silva's base salary nearly tripled as a result of the change in compensation.

17.     Shortly thereafter, on June 15, 2020, in consideration of the new compensation program, Silva entered into the Sysco Protective Covenants Agreement. *See* Exhibit A.

18.     Sysco has invested substantial amounts of time and money in developing its trade secrets and confidential information including: (1) pricing, rebates, and other terms and conditions for customers; (2) internal cost structures, margin information, and profitability information; (3) vendor cost and pricing information; (4) customer lists, customer needs and preferences, customer volumes and product preferences, and program offerings; (5) contracts with customers and vendors; and (6) confidential information regarding business strategies, sales strategies, and marketing strategies.

19.     Such information would provide a competitor an unfair competitive advantage in the marketplace, including by allowing a competitor to offer more competitive pricing and other terms to customers than Sysco and to directly undercut Sysco's position in the food distribution industry.

20.     Recognizing the value of its customer relationships and confidential information, Sysco has taken reasonable precautions to maintain confidentiality including, but not limited to, ensuring that employees agree to, and comply with, their respective agreements, which includes appropriate protections for Sysco's confidential and trade secret information.

21.     Pursuant to the Agreement, Silva acknowledged that he was being placed into a position of trust and confidence and that because of his position, he would be privy to Sysco's Confidential Information. *Id.* at § 1.1.

22.     Confidential Information is defined as including, but not limited to:

an item of information, or a compilation of information, in any form (tangible or intangible), related to the Company's business that Company has not made public or authorized public disclosure of, and that is not generally known to the public or to other persons who might obtain value or competitive advantage from its disclosure or use. Confidential Information will not lose its protected status under this Agreement if it becomes generally known to the public or to other persons through improper means such as the unauthorized use or disclosure of the information by Associate or another person.

Confidential Information includes, but is not limited to:
(a) Company's business plans and analysis, customer and prospect lists, customer documents and information (including contact information, preferences, margins, order guides, and order histories), internal reports, internal business-related communications, marketing plans and strategies, research and development data, buying practices, human resource information and personnel files, financial data, operational data, methods, techniques, technical data, know-how, innovations, computer programs, un-patented inventions, and trade secrets; and (b) information about the business affairs of third parties (including, but not limited to, clients and acquisition targets) that such third parties provide to Company in confidence. Confidential Information will include trade secrets, but an item of Confidential Information need not qualify as a trade secret to be protected by this Agreement. Company's confidential exchange of information with a third party for business purposes will not remove it from protection under this Agreement.

*Id.* at § 2.1.

23.     In particular, Silva "acknowledge[d] that items of Confidential Information are Company's valuable assets and have economic value, actual or potential, because they are not generally known by the public or others who could use them to their own economic benefit and/or to the competitive disadvantage of the Company, and thus, should be treated as Company's trade secrets." *Id.*

24.     Section 2.2 of the Agreement governs the unauthorized use or disclosure of Sysco's Confidential Information and Silva "agree[d] to not engage in any unauthorized use or disclosure

of Confidential Information (as defined above), or knowingly use Confidential Information to
harm or compromise the interests of the Company." *Id.* at § 2.2. This restriction applied throughout
Silva's employment and so long as the information continues to qualify as a trade secret or
Confidential Information.  *Id.*

25.     Silva also agreed that he would not "***use the Company's computers, servers, email
systems, or other electronic communication or storage devices*** for personal gain, ***to compete or
prepare to compete***, or to otherwise knowingly compromise a business interest of the Company;
***any activity in violation of this provision shall be considered unauthorized use harmful to the
Company's business systems.***" *Id.* at § 2.3 (emphasis added).

26.     The Agreement also requires employees – upon termination of their employment –
to return "all documents, records and materials of any kind in [employees'] possession or under
[employees'] control, incorporating Confidential Information or otherwise, relating to Company's
business, and any copies thereof (electronic and otherwise) . . . . [Employee] agrees that the
obligation to return property extends to all information and property, not just Confidential
Information." *Id.*

27.     Further, Silva agreed that:

Upon request, [Silva] will provide for inspection any personal electronic storage devices
that Company believes may contain Confidential Information, in a state that makes
inspection possible, to permit Company to confirm that [Silva] has completely removed all
Confidential Information from the devices. If [Silva] stores any Company information with
a third-party service provider (such as Yahoo, Google Docs, DropBox, or iCloud), [Silva]
consents to the service provider's disclosure of such information to the Company.

*Id.*

28.     Silva's Agreement also sets forth restrictions governing his future employment. In
particular, Silva agreed, for a period of one year following the termination of his employment, that
he would not:

in person or through others, solicit or communicate (regardless of who initiates the communication) with a Covered Customer to induce or encourage the Covered Customer to: stop or reduce doing business with Company; or, to buy or refer persons to a Competitor or Conflicting Product or Service.

*Id.* at § 3.3.

29.    The term "Covered Customer" is defined under the terms of the Agreement as a customer that – in the two years prior to an employee's termination from Sysco – (i) had business-related contact or dealings with the employee, (ii) was serviced or sold to by another employee whom the employee at issue directly or indirectly supervised, (iii) was provided with a bid, proposal, pricing, margins, or other terms that the employee participated in determining or developing, or (iv) the employee learned confidential information about. *Id.* at § 3.1.

30.    Both Sysco and Silva "agree[d] that this restriction is inherently reasonable in its geography because it is limited to the places or locations where the Covered Customer is doing business at the time." *Id.* at § 3.3.

31.    Under the terms of the Agreement, Sysco and Silva also recognized that injunctive relief might be necessary in the event of a breach of the Agreement. Accordingly, Section 4 of the Agreement provides:

> ***If Associate breaches or threatens to breach any of the restrictions or related obligations in this Agreement, the Company may recover***: (i) an order of specific performance or declaratory relief; (ii) ***injunctive relief by temporary restraining order, temporary injunction, and/or permanent injunction;*** (iii) damages; (iv) attorney's fees and costs incurred in obtaining relief; and (v) any other legal or equitable relief or remedy allowed by law. The parties agree that One Thousand Dollars ($1,000.00) shall be a reasonable amount of the bond to be posted if an injunction is sought by Company to enforce this Agreement and a bond is required.

*Id.* at § 4 (emphasis added).

*Silva Steals Sysco's Confidential Information, Resigns, and Immediately Begins Work at Competitor*

32.     On October 15, 2020, Silva voluntarily resigned from his employment with Sysco. *See* Silva Resignation Letter, attached hereto as **Exhibit B**.

33.     Silva's separation date was effective as of October 16, 2020.

34.     After Silva's resignation, he became employed at Driscoll Foods ("Driscoll"), a direct competitor of Sysco. Like Sysco, Driscoll distributes food and related products and, according to its website, is an "independent food service distributor[] in the tri-state area."

35.     Following Silva's resignation, Sysco had its Cyber Security Division look at Silva's most recent computer activity prior to his resignation.[1]

36.     Sysco's Cyber Security Department determined that days before Silva's resignation, Silva stole documents that contained Sysco's confidential and trade secret information, including pricing, usage reports, and product files relating to numerous customers by copying them to a portable USB drive (Serial Number 37277FB963212583&0).[2]

37.     The unlawfully downloaded information included confidential and proprietary information for Silva's former customers at Sysco, including Saker's Shop Rite, Murphy's Market, and Rastelli's Market. These customers alone comprise approximately 60 different accounts at Sysco.  A complete list of the files Silva stole are attached hereto as **Exhibit C**.[3]

38.     There is no dispute about the above-mentioned conduct because Silva has admitted that he downloaded files from Sysco's system to the USB drive.

---

[1]    Declaration of Robert Dawson at ¶ 5 ("Dawson Decl."), attached hereto as **Exhibit E**.
[2]    *Id.* at ¶ 7.
[3]    *Id.* at ¶ 9.

39.     Silva had no legitimate business reason to take this information on the eve of his resignation, and it is plain that his intention was to misappropriate Sysco's information for his own use at Driscoll.

40.     Despite repeated demands for its return, Silva has failed and refused to return any of the above-described documents and information to Sysco in breach of his obligation to do so under the Agreement.

41.     In addition to stealing Sysco's confidential business information, Sysco has also learned that Silva – unilaterally and continuously began increasing the pricing for at least one of Sysco's largest accounts, Saker's Shop Rite, in the weeks leading up to and including the week of his resignation.

42.     Silva's actions make clear that he wanted to artificially inflate Sysco's pricing in order to better position himself for success at Driscoll.

43.     Sysco has also recently learned that Driscoll is now using this sensitive pricing information to solicit Saker's Shop Rite and Sysco believes that Silva is either directly or indirectly using Sysco's confidential information for Driscoll's benefit.

44.     Sysco has sent Silva letters reminding him of his obligations under the Agreement and demanding the return of Sysco's confidential and proprietary information. Sysco further seeks information about how Silva has used this information since his resignation. *See* Cease and Desist Letters, attached hereto as **Exhibit D**.

45.     Silva has failed to return any of the files or information or comply with any of Sysco's demands seeking information regarding Silva's use of its confidential business information.

46.     Accordingly, injunctive relief is both necessary and appropriate in the present case. As such, Sysco seeks the assistance of the equitable powers of this Court to prevent Silva from continuing to breach the terms of his Agreement.

## COUNT I:
## INJUNCTIVE RELIEF

47.     Sysco repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

48.     Section 2.3 of the Agreement prohibits Silva from using any form of technology to retrieve confidential information to compromise a business interest of Sysco.

49.     Section 3.3 of the Agreement prohibits Silva from soliciting customers of Sysco.

50.     Days prior to his resignation, Silva downloaded Sysco's confidential and propriety information to a USB drive.

51.     Silva admitted to downloading the confidential and propriety information to a USB drive.

52.     Silva's actions constitute a material breach of the Agreement, causing immediate and irreparable injury to Sysco.

53.     Upon information and belief, Silva is now directly or indirectly using this confidential information to solicit former customers for the benefit of his new employer, Driscoll.

54.     To the extent Silva is continuing to share any of this information, such conduct constitutes a material breach of the Agreement, causing immediate and irreparable injury to Sysco.

55.     Thus, pursuant to Section 4 of the Agreement, Sysco is entitled to a temporary restraining order and permanent injunction restraining Silva from engaging in conduct in further violation of the Agreement.

56.     A temporary restraining order is an appropriate and necessary remedy in this matter to halt Silva from continuing to possess and share the confidential and propriety information.

57.     There is no adequate remedy at law for the harm to Sysco described herein.  The facts and events pled herein demonstrate a clear likelihood that Sysco will prevail on the merits of its case.

58.     Due to the severity of the conduct described herein, the injury faced by Sysco outweighs any injury that would be sustained by Silva as a result of the injunctive relief requested.

59.     Silva's possession of Sysco's trade secrets and direct or indirect solicitation of Sysco's customers causes Sysco to suffer irreparable harm, including the loss of the value of its confidential information and trade secrets, and the loss of the value of its customer goodwill and its competitive place in the market, for which it has no adequate remedy at law.

## COUNT II:
## BREACH OF CONTRACT

60.     Sysco repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

61.     As described above, the Agreement prohibited Silva from using any form of technology to retrieve confidential information to compromise a business interest of Sysco, required him to return any of Sysco's confidential information following termination, and prohibited him from soliciting his former customers for a one-year period.

62.     Silva voluntarily executed and agreed to be bound by the valid and reasonable provisions contained in the Agreement.

63.     The prohibitions in the Agreement were supported by adequate consideration.

64.     The prohibitions in the Agreement were intended to protect Sysco's customer good will, its substantial relationships with customers, its trade secrets, its confidential and propriety

information, and other legitimate business interests of Sysco.  The prohibitions are reasonably necessary for Sysco's protection.

65.     Despite the contractual prohibitions Silva agreed to, he has materially breached and violated the Agreement by downloading Sysco's confidential and propriety information, refusing to return said information, and, upon information and belief, using that information to solicit customers of Sysco for the benefit of a direct competitor. Silva's violations have been knowing, willing, and voluntary and are intended to harm Sysco in its business affairs.

66.     Sysco has performed all of its obligations by complying with all conditions precedent under the Agreement.

67.     Sysco has suffered and will continue to suffer irreparable injury in addition to monetary damages as a direct and proximate result of Silva sharing the confidential and propriety information with his new employer, Driscoll.

## COUNT III:
## VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT

68.     Sysco repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

69.     Sysco's confidential and proprietary information constitute trade secrets under the Defend Trade Secrets Act.

70.     Sysco's trade secrets have economic value because they are not generally known to, and not readily ascertainable by proper means by, the public or others, including Sysco's competitors, which could profit by using or disclosing them.

71.     Sysco – the owner of the trade secrets – made efforts that were reasonable under the circumstances to maintain the secrecy of its trade secrets.

72.     Silva misappropriated Sysco's trade secrets by downloading the information onto a portable USB drive and refusing to return the information following his resignation.

73.     As a result, Silva's misappropriation of Sysco's trade secrets is ongoing in nature.

74.     Upon information and belief, Silva has then used or disclosed Sysco's trade secrets without the consent of Sysco.

75.     Due to Silva's misappropriation of Sysco's trade secrets, Sysco has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law in the absence of injunctive relief, including, but not limited to, the loss of customer goodwill and loss of the value of Sysco's trade secrets.

76.     Sysco's trade secrets are related to a product or service used in, or intended for use in, interstate or foreign commerce.

77.     The foregoing establishes a violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*

78.     Alternatively and without waiving the foregoing, Sysco also seeks from Silva its actual damages, plus punitive damages, court costs, and attorney's fees.

## <u>COUNT IV:</u>
## VIOLATION OF THE PENNSYLVANIA UNIFORM TRADE SECRETS ACT

79.     Sysco repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

80.     By virtue of his position of trust and confidence with Sysco, Silva had access to Sysco's confidential and proprietary information.

81.     Sysco's confidential and proprietary information constitute trade secrets under the Pennsylvania Uniform Trade Secrets Act.

- 13 -

82.     Sysco's trade secrets have economic value because they are not generally known to, and not readily ascertainable by proper means by, the public or others, including Sysco's competitors, which could profit by using or disclosing them.

83.     Sysco – the owner of the trade secrets – made efforts that were reasonable under the circumstances to maintain the secrecy of its trade secrets.

84.     Silva abused his access to Sysco's confidential information and misappropriated Sysco's trade secrets by downloading the information onto a portable USB drive and refusing to return the information following his resignation.

85.     Based on the agreed-upon terms in his Agreement, at the time Silva downloaded the information onto the USB drive, Silva knew or had reason to know that the trade secret was acquired by improper means and thus the misappropriation of the information was intentional, knowing, willful, malicious, and fraudulent.

86.     As a result, Silva's misappropriation of Sysco's trade secrets is ongoing in nature.

87.     Upon information and belief, Silva has then used or disclosed Sysco's trade secrets without the consent of Sysco.

88.     Due to Silva's misappropriation of Sysco's trade secrets, Sysco has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law in the absence of injunctive relief, including, but not limited to, the loss of customer goodwill and loss of the value of Sysco's trade secrets.

89.     The foregoing establishes a violation of the Pennsylvania Uniform Trade Secrets Act.

90.     Alternatively and without waiving the foregoing, Sysco also seeks from Silva its actual damages, plus punitive damages, court costs, and attorney's fees.

## COUNT V:
**CONVERSION**

91.     Sysco repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

92.     Sysco is the sole owner of the confidential and proprietary information misappropriated by Silva.

93.     At all times material hereto, Silva knew that the information he misappropriated from Sysco constituted sensitive, proprietary, confidential and/or trade secret information that belonged exclusively to Sysco.

94.     Silva's actions constitute a knowing, unlawful, and intentional conversion of Sysco's confidential and proprietary information.

95.     Silva was without right, privilege, or lawful justification to deprive Sysco of its rightful and exclusive ownership and use of its confidential and proprietary information.

96.     As a direct and proximate result of Silva's unlawful conversion, Sysco has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law in the absence of injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Sysco Philadelphia, LLC respectfully requests that the Court enter judgment in its favor and grant it the following relief:

1.      A temporary restraining order, preliminary injunction, and permanent injunction, enjoining and restraining:

      a.   Silva from violating, or participating in the violation of, any of the terms of his Agreement.

b.  Silva from directly or indirectly using, disclosing, or retaining any confidential, proprietary, or trade secret information of Sysco.

c.  Silva from directly or indirectly soliciting or communicating with Silva's Covered Customers, including but not limited to Saker's Village; Talluto's, Altomontes, Bells and Colonial; Rastelli's and Haddon; Murphy's; Mccafrey's; and Starr.

d.  An order requiring Silva to return to counsel for Sysco – within two (2) business days of the date of the Order – all Sysco documents, records, and materials of any kind in Silva's possession, custody or control, incorporating Sysco's confidential, information or otherwise relating to Sysco's business, and any copies thereof (electronic or otherwise), other than documents relating to Silva's individual compensation, such as pay stubs and benefit plan booklets including but not limited to the USB device with Serial No. 37277FB963212583&0.

e.  An order requiring Silva to produce – within five (5) days of the date of the Order – for inspection and analysis all of his personal computers, smart phones, thumb drives and any other digital media storage devices to permit Sysco to confirm that Silva has completely removed all Sysco confidential information from the devices.

2.     An order awarding Sysco Philadelphia, LLC its actual damages in excess of $75,000, in an amount to be determined at trial.

3.     An order awarding punitive damages in the maximum amount permitted under law to Sysco against Silva;

4.     An order awarding Sysco its attorney's fees and costs incurred in this action;

5.     An order awarding Sysco any and all other available damages and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**REED SMITH** LLP

By: *_/s/ Wayne C. Stansfield_____*
      Wayne C. Stansfield, Esq. (Attorney ID 81339)
      Kristen M. Ashe, Esq. (Attorney ID 322930)
      Three Logan Square, Suite 3100
      1717 Arch Street
      Philadelphia, PA 19103
      215-851-8100 (phone)
      215-851-8240 (fax)
      wstansfield@reedsmith.com
      kashe@reedsmith.com

Dated:  December 8, 2020                    *Attorneys for Sysco Philadelphia, LLC*

**VERIFICATION**

I, *Anthony Vertlieschi*, make this verification on behalf of the Sysco Philadelphia, LLC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations in the

foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Dated:  December ___7___, 2020